This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41788**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAMES J. THERIAULT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting him of second degree murder, attempted second degree murder, and conspiracy to commit tampering with evidence. We issued a notice proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. Unpersuaded that Defendant has demonstrated error, we affirm.

**{2}** In response to our notice, Defendant continues to contend: the evidence was insufficient to support the jury's verdict that he did not act in self-defense [MIO 4], and the district court erred by denying a mistrial after Ms. Ortiz interjected into her testimony a statement that Defendant had sexually assaulted her. [MIO unnumbered 3-4] Defendant abandons the contention in his docketing statement that the district court erred by finding him competent to stand trial. [DS 7-10] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}** Relative to Defendant's challenge to the sufficiency of the evidence in response to our notice, Defendant expressly and solely rests on the contentions in his docketing statement. [MIO 4] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons provided in our notice, we remain persuaded that the ample evidence upon which we relied was sufficient to support the jury's determination that Defendant did not act in self-defense.

**{4}** In response to our proposed rejection of Defendant's argument that the district court erred by denying him a mistrial, Defendant complains there was no finding by the district court that Ms. Ortiz's comment was inadvertent and asks that we place this appeal on the general calendar to more fully examine the issue. [MIO unnumbered 3] As stated in our notice, our case law treats remarks of a witness as inadvertent where the remarks are not intentionally elicited or do not deliberately violate a court order or ruling. [CN 5-6] *See State v. Samora*, 2013-NMSC-038, ¶ 22, 307 P.3d 328; *State v. Fry*, 2006-NMSC-001, ¶¶ 52-53, 138 N.M. 700, 126 P.3d 516; *State v. Gonzales*, 2000-NMSC-028, ¶ 39, 129 N.M. 556, 11 P.3d 131 *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Ms. Ortiz's comment about Defendant's alleged prior wrong was elicited, not on direct examination by the prosecutor, but on cross-examination by defense counsel and was blurted and not responsive to the question asked. [1 RP 243] This was clearly inadvertent and cured by an appropriate instruction, which, in this case, was given twice. Defendant does not cite to any controlling authority that would require the district court to make an express finding that the witness's remark was inadvertent in order for us to make that assessment on appeal, and we are not persuaded that the law imposes such a requirement. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

**{5}** Defendant's remaining arguments about Ms. Ortiz's comment are the same contentions we rejected in our notice. [MIO unnumbered 3-4] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v.*

*Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded.

**{6}** For the reasons provided above and in our notice, we affirm the district court's judgment and sentence.

**{7}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**